REGAN, Judge.
The plaintiff, Robert E. Bell, the owner of a 1950 Studebaker automobile, instituted ■this suit against the defendant, the Transcontinental Insurance. Company, liability ■insurer of John Blacklock, the owner and •operator of a Plymouth automobile, endeavoring to recover the sum of $647.20 representing property damages incurred by ■the plaintiff’s automobile on October 4th, 1953, at about 6:30 p. m., while his vehicle was parked in DeSaix Boulevard. ■'
Defendant answered and admitted liability for the damages to the extent of $531.86. .
A rule was then taken by plaintiff re■questing that the court award him judgment on the face of the pleadings for the foregoing' amount and judgment'was subsequently rendered therefor. The case proceeded to trial on its merits to determine whether’ plaintiff was entitled to the difference between $531.86 and $647.20 of a balance of $115.24.
There was judgment below in favor of the plaintiff in the sum of $647.20, from which the defendant has prosecuted this appeal. 'However, shortly after the rendition of the judgment, the párties-entered into a stipulation to the effect that the judgment should have been rendered for the sum of $115.34, instead of $647.20.
As related heretofore the defendant has admitted liability for the accident and, therefore, the only question posed for our consideration is one of fact, and that, is whether the plaintiff is entitled to recover the difference between $531.86 and $647.20.
Defendant, in its endeavor to resist the demand of plaintiff, relies on its estimate made by John Abadie, proprietor of the Independent Appraisal Company, whom it had employed to evaluate' the' cost of repairing the damaged vehicle.
Plaintiff, on the other hand, in order to sustain his right to recover $647.20 for repairing the automobile, relies on the lower of two estimates received respectively from Chive Motors, Inc., and Donnel-léy’s.
Defendant insists that Carl Baxley, who was in charge of the metal department of Chive Motors, Inc., agreed with the estimate made by its appraiser, Abadie, that the cost of .repairing plaintiff’s vehicle would not exceed $531.86. In this connection, Baxley .very pertinently testified both on direct and cross-examination that he agreed orally and in writing with Abadie the car could be repaired exactly in conformity with Abadie’s estimate for $531.86) but not “for Mr. Bell.” In substance he asserted that for the sum of $531.86 he could not restore the vehicle to its former excellent condition in which Bell maintained the car; to do so would require the expenditure of $647.20.
. Pierre Chive, the owner of Chive Motors, Inc., appeared as a witness and fully corroborated the testimony of Baxley.
The trial judge, after evaluating all of the testimony, was obviously of the opinion that' the damaged vehicle could not be repaired- for less than the sum of $647.20 and we find no error- in his factual conclusion. ■ •-...’
*865 As related hereinabove there is a stipulation appearing in the record by respective counsel to the effect that when the case was tried on its merits, the trial judge inadvertently awarded plaintiff the sum of $647.20 instead of' a balance of $115.34, which, together with the amount of $531.86 awarded on the rule would amount to $647.20.
For the reasons assigned the judgment appealed from is amended by reducing the amount thereof from $647.20 to $115.34, and, as thus amended, it is affirmed.
Amended and affirmed.
JANVIER, J., absent, takes no part.